## BELLAVANCE v. FRANK MORROW CO., Inc.

### C. A. No. 104.

District Court, D. Rhode Island.

Oct. 23, 1941.

See also, D.C., 2 F.R.D. 9.

Sarkis K. Boyajian, of Providence, R. I., and Harold E. Cole, of Boston, Mass., for plaintiff.

Nathaniel Frucht, of Providence, R. I., for defendant.

HARTIGAN, District Judge.

The plaintiff has filed two applications: (1) for an order requiring Frank Morrow to attend and complete his examination by the plaintiff and requiring him to answer questions put by the plaintiff, and (2) for an order requiring Earle L. Morrow to answer certain questions propounded to him as set forth in plaintiff's Exhibit A. The plaintiff also requests an award for reasonable expenses and reasonable attorney's fees.

A subpoena duces tecum was served upon Frank Morrow and Earle L. Morrow, both officers and directors of the defendant corporation, commanding them to appear before a notary public and to bring with them and to produce all records showing when and to whom the first sales of two certain described bracelets were made and showing when the dies for making them were completed and to bring specimens of said dies and two specimens each of the two said bracelets manufactured, sold or used by them since February 15, 1938, and to testify in said proceeding.

Frank Morrow appeared at the hearing and after having testified that he did not bring anything, he was asked by the plaintiff's attorney: "What has your attorney, Mr. Frucht, said to you about bringing the articles and records that the subpoena orders you to bring here?" This question was objected to and Frank Morrow was instructed by defendant's attorney not to answer.

The record discloses the following statement made by the defendant's attorney: "Mr. Cole has insinuated that instructions have been given the witness to ignore the

subpoena. Either Mr. Cole withdraws his insinuation immediately or I will instruct the witness not to answer any further questions whatever and terminate this hearing immediately."

No further examination of Frank Morrow was allowed by defendant's attorney and Morrow left the hearing before his examination was concluded.

I have examined the questions as set forth in plaintiff's Exhibit A, which Earle L. Morrow refused to answer.

At the hearing on these applications the defendant did not satisfy me that Frank Morrow and Earle L. Morrow had any substantial grounds for refusing to answer said questions.

Federal Rules of Civil Procedure, Rule 30:

"*Depositions Upon Oral Examinations.*
\* \* \*

"(b) *Orders for the Protection of Parties and Deponents.* After notice is served for taking a deposition by oral examination, upon motion seasonably made by any party or by the person to be examined and upon notice and for good cause shown, the court in which the action is pending may make an order that the deposition shall not be taken, or that it may be taken only at some designated place other than that stated in the notice, or that it may be taken only on written interrogatories, or that certain matters shall not be inquired into, or that the scope of the examination shall be limited to certain matters, or that the examination shall be held with no one present except the parties to the action and their officers or counsel, or that after being sealed the deposition shall be opened only by order of the court, or that secret processes, developments, or research need not be disclosed, or that the parties shall simultaneously file specified documents or information enclosed in sealed envelopes to be opened as directed by the court; or the court may make any other order which justice requires to protect the party or witness from annoyance, embarrassment, or oppression.
\* \* \* \* \* \* \* \*

"(d) Motion to Terminate or Limit Examination. At any time during the taking of the deposition, on motion of any party or of the deponent and upon a showing that the examination is being conducted in bad faith or in such manner as unreasonably to annoy, embarrass, or oppress the deponent or party, the court in which the action is pending or the court in the district where the deposition is being taken may order the officer conducting the examination to cease forthwith from taking the deposition, or may limit the scope and manner of the taking of the deposition as provided in subdivision (b). If the order made terminates the examination, it shall be resumed thereafter only upon the order of the court in which the action is pending. Upon demand of the objecting party or deponent, the taking of the deposition shall be suspended for the time necessary to make a motion for an order. In granting or refusing such order the court may impose upon either party or upon the witness the requirement to pay such costs or expenses as the court may deem reasonable."

The above subdivisions of Rule 30 afford ample protection from abuse of the discovery examination when it exists. I do not find abuse of examination here.

Rule 37(a) provides in part: "If a party or other deponent refuses to answer any question propounded upon oral examination, the examination shall be completed on other matters or adjourned, as the proponent of the question may prefer. \* \* \*"

Frank Morrow's refusal to answer and his withdrawal from the hearing before his examination was concluded violated the provisions of the rules for the taking of depositions.

Earle L. Morrow's conduct in refusing to answer the questions set forth in plaintiff's Exhibit A was also in violation of the rules.

They are ordered to appear before the notary public and to answer said questions. Frank Morrow is also ordered to complete his oral examination.

The plaintiff will give the Morrows two days' written notice of the time and place for the resumption of their depositions.

I find that the refusal of Frank Morrow and Earle L. Morrow to answer was without substantial justification and each is ordered, adjudged and decreed to pay the plaintiff $10 as reasonable expenses incurred in obtaining this order and $25 as reasonable attorney's fees.